**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Julio MENDOZA-ACOSTA,
Defendant-Appellant.**

No. 17-2000

United States Court of Appeals,
Tenth Circuit.

Filed May 31, 2017

(D.C. Nos. 1:16-CV-00732-WJ-GBW &
2:10-CR-02848-WJ-1), (D. New Mexico)

James Robert Wolfgang Braun, Office of
the United States Attorney, District of
New Mexico, Albuquerque, NM, Alfred J.
Perez, Office of the United States Attorney, District of New Mexico, Las Cruces,
NM, for Plaintiff-Appellee

Julio Mendoza-Acosta, Pro Se

Before BRISCOE, HARTZ and
BACHARACH, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY *

Mary Beck Briscoe Circuit Judge

Julio Mendoza-Acosta, proceeding *pro
se*, seeks a certificate of appealability
(COA) to appeal the district court's dismissal with prejudice of his 28 U.S.C.
§ 2255 motion. We deny his request and
dismiss this matter.

I

On December 9, 2010, Mendoza-Acosta
plead guilty to possession of 100 kilograms
of marijuana with intent to distribute in
violation of 21 U.S.C. §§ 841(a)(1) and
(b)(1)(B) and to reentry of a removed alien
in violation of 8 U.S.C. §§ 1326(a) and (b).
At sentencing, the district court classified
Mendoza-Acosta as a career offender
based on his current and two prior "controlled substance offense[s]" under United
States Sentencing Guidelines § 4B1.1(a)
(2011) and thus enhanced his sentence to
210 months of imprisonment plus 20 years
of supervised release. See Mot. to Vacate
at 5, ECF No. 44; Order at 5, ECF No. 45;
see also Mot. for Order at 2, ECF No. 41.[1]
Mendoza-Acosta did not file a direct appeal.

On June 27, 2016, Mendoza-Acosta filed
this, his first,[2] 28 U.S.C. § 2255 motion,

---

\* This order is not binding precedent, except
under the doctrines of law of the case, res
judicata, and collateral estoppel.

1. These are the only record documents indicating that Mendoza-Acosta's sentencing enhancement came from the Guidelines as opposed to the Armed Career Criminal Act
(ACCA). The Sentencing Minute Sheet states
that he was "covered under the Armed Career
Criminal Act." Sentencing Min. Sheet, ECF
No. 29. But his sentence enhancement could
not have been based on the ACCA because his
current conviction was not for being a felon
in possession of a firearm. See 18 U.S.C.
§ 924(e).

2. On June 16, 2014, Mendoza-Acosta submitted a letter to the district court stating that he
filed a § 2255 motion in March, 2013 but

never received any response either granting
or denying relief. Letter, ECF No. 34. His
Combined Opening Brief and Application for
a COA also indicates that he previously
sought § 2255 relief. Aplt. Br. at 1. No prior
§ 2255 motion appears in the record, however. The district court docket shows only one
motion filed in March, 2013: a Motion to
Compel Defense Counsel to Release All Records and Files, by a Prisoner in Federal Custody. Mot., ECF No. 31. Mendoza-Acosta, also
then *pro se*, successfully moved the district
court to order his former federal defender to
release files related to his case "pertinent to
the Movant proceeding with post-sentencing
remedies...." Id. at 1. He did later move to
reduce his sentence pursuant to 18 U.S.C.
§ 3582(c)(2) based on a change to U.S. Sentencing Guidelines § 1B1.10. Mot. at 1, ECF

arguing that Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015)˙ and United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015) rendered his sentence enhancement unconstitutional. The district court denied the motion and denied a COA because Mendoza-Acosta's enhancement was not based on either the Armed Career Criminal Act (ACCA) residual clause invalidated in Johnson (18 U.S.C. § 924(e)(2)(B)), or the textually identical residual clause in the Sentencing Guidelines (§ 4B1.2(a)(2)), which we had also held to be unconstitutionally vague. Madrid, 805 F.3d at 1210-11, overruled on this point by Beckles v. United States, —— U.S. ——, 137 S.Ct. 886, 890, 197 L.Ed.2d 145 (2017). Mendoza-Acosta now seeks a COA from this court. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). See also 28 U.S.C. § 1291.

## II

Mendoza-Acosta's Combined Opening Brief and COA Application has only one and a half sentences of argument: "In [Johnson v.] United States, the Supreme Court invalidated the use of the residual clause to enhance a Federal sentence ruling that the residual caluse [sic] is unconstitutionally vague. There is no distinguishable difference." Aplt. Combined Opening Brief and Applic. for COA at 3. If Mendoza-Acosta is intending to assert that there is no distinguishable difference between the ACCA's residual clause invalid under Johnson and the Guideline under which he was sentenced, even that argument would not provide a basis for our granting a COA. Even if we assume Mendoza-Acosta intended to argue that Johnson renders his sentence enhancement under Sentencing Guideline § 4B1.1(a) unconstitutionally vague, we would deny relief because these

advisory Guidelines "are not subject to vagueness challenges under the Due Process Clause...." Beckles, 137 S.Ct. at 890. Mendoza-Acosta could not show that jurists of reason would disagree with this reading of current precedent.

## III

We DENY his request for a COA and dismiss the matter. We GRANT his motion to proceed in forma pauperis.

No. 15. Thorough record searches for other cases under his name and variants of it showed no previous § 2255 motion. We thus treat the present motion as his first.